UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MANCHESTER, NEW HAMPSHIRE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil No. _____ |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney General, through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), brings this Complaint and alleges as follows:

## NATURE OF ACTION

1. In this civil action under Section 113(b) of the Clean Air Act ("CAA"), 42 U.S.C. § 7413(b), the United States seeks civil penalties and injunctive relief against the City of Manchester, New Hampshire ("Manchester" or "Defendant") for violations of the sewage sludge incinerator standards and regulations of the CAA at 40 C.F.R. Part 62, Subpart LLL, and Section 129(f), 42 U.S.C. § 7429(f).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and over Defendant, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

1

3. This Court has personal jurisdiction over Manchester because it is a city chartered in New Hampshire.

4. Venue is proper in this District because the Defendant is found and conducts business in this District and because the alleged violations took place in this District. 28 U.S.C. §§ 1391 and 1395; 42 U.S.C. § 7413(b).

## NOTICE

5. EPA issued to Defendant a Notice of Violation ("NOV"), dated July 22, 2016, and provided a copy of the NOV to the State of New Hampshire. The NOV set forth EPA's findings that the Defendant committed violations described in this Complaint and provided Defendant an opportunity to confer with EPA.

6. The United States has provided notice of the commencement of this action to the State of New Hampshire in accordance with Section 113(b) of the CAA, 42 U.S.C. § 7413(b).

## AUTHORITY

7. The Department of Justice has authority to bring this action on behalf of the Administrator of EPA under 28 U.S.C. §§ 516 and 519 and Section 305(a) of the CAA, 42 U.S.C. § 7605(aa).

## DEFENDANT

8. Defendant is a municipality in New Hampshire.

9. At all relevant times, Manchester owned the wastewater treatment facility at 300 Winston Street, Manchester, New Hampshire (the "Facility"), including the sewage sludge incinerator ("SSI") unit located there. 40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. § 7411(a)(5).

10. At all times relevant to this action, Manchester operated the Facility, including the SSI unit located there. 40 C.F.R. §§ 60.2 and 62.01; 42 U.S.C. § 7411(a)(5).

11.    Manchester is a "person" as defined in Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

12.    The CAA, 42 U.S.C. §§ 7401-7671q, establishes a comprehensive scheme for protecting and enhancing the quality of the nation's air to promote public health and welfare. 42 U.S.C. § 7401(b)(1).

13.    Section 129 of the CAA, 42 U.S.C. § 7429, required EPA to establish performance standards and other requirements pursuant to Section 111, 42 U.S.C. § 7411, for certain categories of solid waste incineration units. The performance standards were to include guidelines for existing incineration units. 42 U.S.C. § 7411(d); 42 U.S.C. § 7429(b)(1). States that had existing solid waste incineration units were required to submit to EPA for approval plans to implement and enforce the guidelines. 42 U.S.C. § 7429(b)(2). Within two years after the guidelines' promulgation, EPA was to "develop, implement and enforce a plan for existing solid waste incineration units within any category located in any State which has not submitted an approvable plan . . . ." 42 U.S.C. § 7429(b)(3). EPA's plan was required to ensure that existing units subject to the plan were in compliance with the guidelines no later than five years after the date the guidelines were promulgated. *Id.*

14.    Under Section 111(d) and Section 129(b)(3) of the CAA, 42 U.S.C. §§ 7411(d), 7429(b)(3), EPA promulgated the "Federal Plan Requirements for Sewage Sludge Incineration Units Constructed on or Before October 14, 2010 (hereinafter, "Subpart LLL" or "the Federal Plan") for the control of emissions from existing SSI units in states that did not submit an approvable state plan. 40 C.F.R. Part 62, Subpart LLL. Subpart LLL became effective May 31, 2016. 81 Fed. Reg. 26040 (April 29, 2016).

15. New Hampshire did not submit an approvable state plan for the control of emissions from existing SSI units. Thus, Subpart LLL applies in the State of New Hampshire.

16. However, on November 14, 2017, the New Hampshire Department of Environmental Services ("NH DES") submitted to EPA a request for delegation of authority from EPA to implement and enforce the Federal Plan. EPA prepared a Memorandum of Agreement ("MoA") that defines the policies, responsibilities, and procedures by which the SSI Federal Plan would be administered by the NH DES and the EPA. EPA maintains enforcement authority to enforce the Federal Plan. The MoA became effective upon signature on December 22, 2017.

17. "Incineration of sewage sludge causes the release of a wide array of air pollutants, some of which exist in the waste feed material and are released unchanged during combustion, and some of which are generated as a result of the combustion process itself." 83 FR 26042 (April 29, 2016), citing to 76 FR 51371-51375, 51396-51399 and 51399-51400.

18. An SSI unit is subject to Subpart LLL if it meets the following criteria contained in 40 C.F.R. § 62.15885: (1) construction of the unit commenced on or before October 14, 2010; (2) it meets the definition of an SSI unit contained in 40 C.F.R. § 62.16045; and (3) it is not exempt under 40 C.F.R. § 62.15860.

19. Subpart LLL defines an SSI unit as "an incineration unit combusting sewage sludge for the purpose of reducing the volume of sewage sludge by removing combustible matter." 40 C.F.R. § 62.16045.

20. Subpart LLL exempts combustion units that incinerate sewage sludge that are not located at a wastewater treatment facility designed to treat domestic sewage sludge. 40 C.F.R. § 62.15860.

21.    Subpart LLL requires that owners and operators of subject SSI units must complete various actions, including but not limited to:

a.    Submission of a final control plan and achievement of final compliance (40 C.F.R. § 62.15875);

b.    If compliance is not achieved by the final compliance date, submission of notification of failure to comply and monthly reports thereafter until final compliance is met (40 C.F.R. § 62.15895);

c.    Submission of a site-specific monitoring plan (40 C.F.R. §§ 62.15980, 62.15995);

d.    Conducting an initial air pollution control device inspection (40 C.F.R. § 62.15990);

e.    Demonstrating initial and ongoing compliance with the applicable emission limits (40 C.F.R. §§ 62.15955, 62.15980, 62.16000); and,

f.    Setting and meeting the applicable operating limits (40 C.F.R. §§ 62.15960, 62.15985).

22.    Section 129(f) of the CAA, 42 U.S.C. § 7429(f) prohibits operation of an SSI unit in violation of any performance standard, emission limit, or other requirement after the effective date of the standard, limitation, or requirement.

23.    Section 113(b) of the CAA, 42 U.S.C. § 7413(b), authorizes the United States to commence a civil action seeking injunctive relief and the recovery of civil penalties of up to $25,000 per day for each violation of any requirement or prohibition of Subchapter I of the CAA, 42 U.S.C. §§ 7401-7515, including CAA Section 129, and of regulations promulgated under Subchapter I of the CAA, including Subpart LLL.

5

24. In accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990, as amended, the Debt Collection Improvement Act, 31 U.S.C. § 3701, and EPA's implementing regulations set out at 40 C.F.R. Part 19, the maximum civil penalty per day for each CAA violation has been increased from $25,000 to $97,229 for violations occurring after November 2, 2015, where penalties are assessed on or after January 15, 2018.

## GENERAL ALLEGATIONS

25. Under 40 C.F.R. § 62.15855(a), the Facility's SSI unit is subject to 40 C.F.R. Part 62, Subpart LLL, because (1) it was constructed before October 14, 2010; (2) it is an SSI unit as defined in 40 C.F.R. § 62.16045; and (3) it is not an exempt unit under 40 C.F.R. § 62.15860.

26. As of May 31, 2016, Defendant failed to comply with the provisions of Subpart LLL.

27. The Facility's SSI unit continued to operate after May 31, 2016 in violation of Subpart LLL.

28. Defendant's failures to comply with Subpart LLL are violations of Section 129 of the Clean Air Act, 42 U.S.C. § 7429.

## CLAIMS FOR RELIEF

### First Claim for Relief – Failure to Submit Final Control Plan

29. Plaintiff realleges and incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. Under 40 C.F.R. § 62.15875, the owner or operator of an SSI unit subject to Subpart LLL must submit a final control plan by the final compliance date of March 21, 2016 (the "Final Compliance Date").

31.    Defendant failed to submit a final control plan by the final compliance date. Accordingly, Defendant violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

32.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violation set forth above is subject to injunctive relief and civil penalties up to $97,229 per violation per day.

### Second Claim for Relief – Failure to Achieve Final Compliance

33.    Plaintiff realleges and incorporates Paragraphs 1 through 32 as if fully set forth herein.

34.    Under 40 C.F.R. § 62.15875, the owner or operator of an SSI unit subject to Subpart LLL must achieve final compliance by the Final Compliance Date.

35.    Defendant failed to achieve final compliance as required.  Accordingly, Defendant violated 40 C.F.R. § 62.15875 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

36.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violation set forth above is subject to injunctive relief and civil penalties up to $97,229 per violation per day.

### Third Claim for Relief – Failure to Submit a Site-Specific Monitoring Plan

37.    Plaintiff realleges and incorporates Paragraphs 1 through 36 as if fully set forth herein.

38. Under 40 C.F.R. §§ 62.15995 and 62.15980(b)(4) the owner or operator of an SSI unit subject to Subpart LLL must submit site-specific monitoring plans at least 60 days before the Final Compliance Date.

39. Defendant failed to submit the site-specific monitoring plans as required. Accordingly, Defendant violated 40 C.F.R. § 62.15995 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

40. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $97,229 per violation per day.

**Fourth Claim for Relief – Failure to Conduct an Initial Air Pollution Control Device Inspection**

41. Plaintiff realleges and incorporates Paragraphs 1 through 40 as if fully set forth herein.

42. Under 40 C.F.R. § 62.15990, the owner or operator of an SSI unit subject to Subpart LLL must conduct an air pollution control device inspection by the Final Compliance Date.

43. Defendant failed to conduct an air pollution control device inspection as required. Accordingly, Defendant violated 40 C.F.R. § 62.15990 and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

44. As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violation set forth above is subject to injunctive relief and civil penalties up to $97,229 per violation per day.

**Fifth Claim for Relief -- Failure to Demonstrate Initial and Ongoing Compliance with Applicable Emission Limits**

45.     Plaintiff realleges and incorporates Paragraphs 1 through 44 as if fully set forth herein.

46.     Under 40 C.F.R. §§ 62.15955, 62.15980, 62.16000, the owner or operator of an SSI unit, subject to Subpart LLL, must demonstrate initial and ongoing compliance with the emission limits and standards specified in Table 2 or 3 of Subpart LLL by the Final Compliance Date.

47.     Defendant failed to demonstrate initial and ongoing compliance with the emission limits and standards as required.  Accordingly, Defendant violated 40 C.F.R. §§ 62.15955, 62.15980, 62.16000, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

48.     As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $97,229 per violation per day.

**Sixth Claim for Relief -- Failure to Set and Meet Applicable Operating Limits**

49.     Plaintiff realleges and incorporates Paragraphs 1 through 48 as if fully set forth herein.

50.     Under 40 C.F.R. § 62.15985, the owner or operator of an SSI unit subject to Subpart LLL must establish site-specific operating limits during the initial performance test, which must be conducted by the Final Compliance Date.  *See also* 40 C.F.R. § 62.15980(a)(1).

51.     Under 40 C.F.R. § 62.15960, the owner or operator of an SSI unit subject to Subpart LLL must meet its established site-specific operating limits by the Final Compliance Date.

9

52.    Defendant failed to establish site-specific operating limits or to establish compliance with those site-specific operating limits as required.  Accordingly, Defendant violated 40 C.F.R. §§ 62.15960, 62.15985, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

53.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $97,229 per violation per day.

**Seventh Claim for Relief – Failure to Submit Initial and Monthly Reports**

54.    Plaintiff realleges and incorporates Paragraphs 1 through 53 as if fully set forth herein.

55.    Under 40 C.F.R. § 62.15985, facilities must provide notice within 10 days of the compliance date of failure to comply with Subpart LLL and submit monthly reports to EPA.

56.    Defendant failed to timely submit its initial notification of noncompliance and certain monthly reports to EPA.  Accordingly, Defendant violated 40 C.F.R. § 62.15985, and Section 129(f)(3) of the CAA, 42 U.S.C. § 7429(f)(3).

57.    As provided in Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and in accordance with the Federal Civil Penalties Inflation Adjustment Act of 1990 and EPA's implementing regulations, the violations set forth above are subject to injunctive relief and civil penalties up to $97,229 per violation per day.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

(1)  Enjoin Defendant from operating the Facility, including the SSI unit located there, except in accordance with the CAA and applicable regulatory requirements, including any measures necessary to comply with Subpart LLL;

(2)  Assess Defendant civil penalties of up to $97,229 per day for each CAA violation;

(3)  Award the United States all costs and disbursements of this action; and

(4)  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources
 Division
U.S. Department of Justice

PETER K. KAUTSKY
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
Ben Franklin Station P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-3907
peter.kautsky@usdoj.gov

SCOTT W. MURRAY
United States Attorney
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, NH 03301

11

OF COUNSEL:

TAHANI ANN RIVERS
Enforcement Counsel
U.S. Environmental Protection Agency, Region 1
5 Post Office Square - Suite 100 (Mail Code:  OES04-3)
Boston, MA  02109-3912

PROVIDENCE SPINA
U.S. Environmental Protection Agency
William Jefferson Clinton Building
1200 Pennsylvania Avenue, N.W. (Mail Code:  2242A)
Washington, D.C.  20460